BRENDAN DOLAN, State Bar No. 126732
MORGAN, LEWIS & BOCKIUS LLP
One Market Street
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001

CLIFFORD D. SETHNESS, State Bar No. 212975
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Telephone: 213.612.2500
Fax: 213.612.2554

*Attorneys for Plaintiffs*
PACIFIC MARITIME ASSOCIATION and
APM TERMINALS PACIFIC, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARITIME ASSOCIATION, a California corporation; APM TERMINALS PACIFIC, LTD., a California corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, an unincorporated labor organization; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 10, an unincorporated labor organization,<br><br>　　　　　Defendants. | Case No. C-07-04618 CRB<br><br>**STIPULATION FOR AN ORDER CONFIRMING AND ENFORCING ARBITRATION AWARD** |

Plaintiff Pacific Maritime Association ("PMA") and APM Terminals Pacific, Ltd. and Defendants International Longshore and Warehouse Union ("ILWU") and ILWU Local 10 ("Local 10") enter this Stipulation and jointly request that the Court enter the Order set forth below on the basis of the following facts and circumstances:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

STIPULATION FOR AN ORDER CONFIRMING
AND ENFORCING ARBITRATION AWARD

1    WHEREAS, ILWU and Local 10, and PMA are parties to a collective bargaining
2    agreement – the Pacific Coast Longshore Contract Document 2002-2008, effective as of
3    July 1, 2002 (the "PCLCD");
4    WHEREAS, Section 11 of the PCLCD, among other things, prohibits strikes,
5    lockouts, or work stoppages, subject to certain limitations;
6    WHEREAS the PCLCD provides a mandatory procedure for the presentation,
7    adjustment and settlement of grievances with binding arbitration at the Coast Arbitrator
8    as the final step;
9    WHEREAS a dispute arose between the parties in connection with which the
10   plaintiffs maintain that defendants were in violation of the no strike, no work stoppage
11   provision of the PCLCD;
12   WHEREAS on September 4, 2007 the Coast Arbitrator, after a hearing, issued a
13   final arbitration award under the parties' grievance arbitration process ordering:
14   "1.    The ILWU Local 10 longshoremen at the APM Terminals shall forthwith
15   cease and desist from engaging in slowdowns at that location.
16   2.     ILWU Local 10 officials shall continue to instruct the longshoremen at the
17   APM Terminal to cease and desist from violating Section 11.1 and to implement
18   arbitration decisions in accordance with Section 17.57.
19   3.     This decision, served by e-mail to the Parties, is to the same effect as if
20   signed by the Coast Arbitrator and thereafter hand delivered to the Parties."
21   A true and correct copy of the Coast Arbitration Award – C-06-2007 is attached;
22   WHEREAS the plaintiffs contend, and defendants deny, that defendants have not
23   complied with the Coast Arbitration Award;
24   WHEREAS, on September 6, 2007 plaintiffs filed a Complaint in federal court for
25   confirmation of the arbitration award, breach of contract, temporary restraining order,
26   preliminary injunction and permanent injunction and filed an ex parte application for an
27   order confirming arbitration award and for the issuance of a temporary restraining order;
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2    STIPULATION FOR AN ORDER CONFIRMING
     AND ENFORCING ARBITRATION AWARD

WHEREAS the parties through their counsel have been actively pursuing negotiations to avoid the necessity of this Court's consideration of the currently filed temporary restraining order application.

THEREFORE, given the foregoing facts and circumstances, the parties hereby stipulate that the opinion and decision of Coast Arbitrator John Kagel, C-06-2007 dated September 4, 2007, shall be confirmed and enforced by Order of the Court.

Dated: September 7, 2007

MORGAN, LEWIS & BOCKIUS LLP
BRENDAN DOLAN
CLIFFORD D. SETHNESS

By _____
Brendan Dolan
Clifford D. Sethness
Attorneys for Plaintiffs
PACIFIC MARITIME ASSOCIATION
and APM TERMINALS PACIFIC, LTD.

Dated: September ___, 2007

LEONARD CARDER LLP

By _____
Robert Remar
Eleanor Morton
Attorneys for Defendants
INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION and ILWU
LOCAL 10

## ORDER

Based upon the facts and circumstances as set forth in the stipulation of the parties, it is hereby ordered:

That the opinion and decision of the Coast Arbitrator, John Kagel dated September 4, 2007 C-06-2007 which is attached to the stipulation of the parties is by this Order hereby confirmed and enforced.

DATED: September 7, 2007

_____
Judge Susan Illston
UNITED STATES DISTRICT JUDGE

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3    STIPULATION FOR AN ORDER CONFIRMING
AND ENFORCING ARBITRATION AWARD

IN ARBITRATION PROCEEDINGS PURSUANT TO THE
PACIFIC COAST LONGSHORE CONTRACT DOCUMENT

| | |
|---|---|
| INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, | C-06-2007 |
| Union, | OPINION and DECISION |
| and | of |
| PACIFIC MARITIME ASSOCIATION, | JOHN KAGEL<br>Coast Arbitrator |
| Employers. | September 4, 2007 |
| Re: Slowdown at APM Terminals Oakland and breakdown of grievance machinery | Palo Alto, California |

APPEARANCES (by telephone):

For the Union: Leal A. Sundet, Coast Labor Relations Committee Member, San Francisco, CA

For the Employer: Richard Marzano, Director, Contract Administration and Arbitration, San Francisco, CA

DISCUSSION:

In NCAA-036-2007 Area Arbitrator Lane decided:

"1. The ILWU Local 10 longshoremen at the APM Terminals did engage in a slowdown tantamount to a work stoppage in violation of Section 11.1 on August 22, 2007 on the Sealand Enterprise.

> 2. ILWU Local 10 has not implemented Decision NCAA-034-2007. ILWU Local 10 officials shall instruct the longshoremen at the APM Terminal to case and desist from violating Section 11.1 and to implement Arbitration Decisions in accordance with Section 17.57.
>
> 3. The local grievance machinery has failed to work and the matter in dispute is referred to the next step of the grievance machinery in accordance with Section 17.282."

The matter was referred to the JPLRC and the CLRC where disagreement was reached. Pursuant to the Employers' motion the matter was then referred to the Coast Arbitrator in accordance with the PCLCD. After a telephonic hearing the following decision is made:

DECISION:

1. The ILWU Local 10 longshoremen at the APM Terminals shall forthwith cease and desist from engaging in slowdowns at that location.

2. ILWU Local 10 officials shall continue to instruct the longshoremen at the APM Terminal to cease and desist from violating Section 11.1 and to implement arbitration decisions in accordance with Section 17.57.

3. This decision, served by e-mail to the Parties, is to the same effect as if signed by the Coast Arbitrator and thereafter hand delivered to the Parties.

s/ John Kagel

Coast Arbitrator