BRENDAN DOLAN, State Bar No. 126732
MORGAN, LEWIS & BOCKIUS LLP
One Market Street
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001

CLIFFORD D. SETHNESS, State Bar No. 212975
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Telephone: 213.612.2500
Fax: 213.612.2554

*Attorneys for Plaintiffs*
PACIFIC MARITIME ASSOCIATION and
APM TERMINALS PACIFIC, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARITIME ASSOCIATION, a California corporation; APM TERMINALS PACIFIC, LTD., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, an unincorporated labor organization; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 10, an unincorporated labor organization,<br><br>Defendants. | Case No. C-07-04618 CRB<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

1  Plaintiffs submit this short Memorandum of Points and Authorities in response to the
2  opposition papers filed today by Defendants.
3  Three arbitration awards, including a final decision and award form the Coast Arbitrator,
4  have not been enough to get the Local 10 members to cease the work stoppage found to be
5  unlawful in all three of the arbitration decisions. A Stipulation entered and signed by legal
6  counsel for Local 10's members has not been enough to get them to cease the unlawful work
7  stoppage. This Court's signed Order confirming and enforcing the Coast Arbitrator's decision
8  and award has not been enough to end the unlawful work stoppage - Defendants' Opposition
9  papers do not even dispute that yet another unlawful work stoppage occurred this past Saturday,
10 after entry of the Court's Order.
11 Prior measures having been insufficient to do so, it is time to bring an end to the work
12 stoppage with an injunction. Defendants have even stated:

**The Unions agree that the Court has jurisdiction to enforce by injunction the Coast Arbitrator's award, which is final and binding on the parties. The Unions have stipulated to such relief.**

16 (Defendants' Opposition to Employer's Motion for Temporary Restraining Order, at p. 9,
17 emphasis added and citations omitted.)
18 Therefore, at a minimum, the Court can and should simply enter an injunction enforcing
19 the Coast Arbitrator's award, which states in part:  "1. The ILWU Local 10 longshoremen at
20 the APM Terminals shall forthwith cease and desist from engaging in slowdowns at that location.
21 . . ." The Court would be enforcing the Coast Arbitrator's award, as written and as insisted on by
22 the Defendants. The Court would be providing an even clearer directive to the Local 10
23 longshoremen at the APM Terminal that they cannot engage in the slowdown found unlawful by
24 the Coast Arbitrator. The Court would not need to get into the issue of whether the officers of
25 Local 10 have or have not failed to take various steps to end the work stoppage.
26 Counsel for the Union has agreed that the Coast Arbitrator's award is final and binding
27 and should be enforced by this Court. Plaintiffs respectfully request that the Court now indeed
28 enforce the Coast Arbitrators' award by enjoining the Local 10 longshoremen at the APM

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1     SUPPLEMENTAL MEMORANDUM OF
      POINTS AND AUTHORITIES

1 | Terminal from violating the Coast Arbitrator's award.[1]

Dated: September 10, 2007

MORGAN, LEWIS & BOCKIUS LLP
BRENDAN DOLAN
CLIFFORD D. SETHNESS

By _____
Brendan Dolan
Clifford D. Sethness
Attorneys for Plaintiffs
PACIFIC MARITIME ASSOCIATION
and APM TERMINALS PACIFIC, LTD.

---

[1] An evidentiary hearing is not appropriate or required given: (1) the law on the issue as is set forth in Plaintiffs' papers; (2) Defendants' statement, quoted above, regarding the Court's jurisdiction to issue an injunction; and (3) Defendants' stipulation to enforcement and confirmation of the arbitration award. If the Court nevertheless adopts the Defendants' position that an evidentiary hearing is required, Plaintiffs' will be prepared to proceed with it at 10:00 a.m., Tuesday, September 11 and would expect that the Defendants will also be prepared to proceed, if their request is granted.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2    SUPPLEMENTAL MEMORANDUM OF
POINTS AND AUTHORITIES