ROBERT S. REMAR (SBN 100124)
ELEANOR I. MORTON (SBN 220407)
LEONARD CARDER, LLP
1188 Franklin Street, Suite 201
San Francisco, California 94109
Telephone: 415-771-6400
Facsimile: 415-771-7010

Attorneys for Defendants
INTERNATIONAL LONGSHORE
AND WAREHOUSE UNION and
INTERNATIONAL LONGSHORE
AND WAREHOUSE UNION, LOCAL 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARITIME ASSOCIATION, a California corporation; APM TERMINALS PACIFIC, LTD., a California corporation.<br><br>Plaintiffs,<br><br>vs<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, an unincorporated labor organization; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 10, an unincorporated labor organization,<br><br>Defendants. | Case No. 07-04618 CRB<br><br>**SUPPLEMENTAL OPPOSITION TO EMPLOYER'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

///

Defendants International Longshore and Warehouse Union ("ILWU") and International Longshore and Warehouse Union Local 10 ("Local 10") submit this supplemental brief in opposition to Plaintiffs' Pacific Maritime Association ("PMA") and APM Terminals Pacific, Ltd. ("APMT") (collectively, "Employers") Application for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction filed on September 10, 2007. ILWU and Local 10 seek to file this supplemental brief because, in order to comply with the filing deadline set by the Court of 12:00 noon today, Defendants were required to file an opposition to the Employers' moving papers before having received them. In the instant memorandum, Defendants seek to respond only to several matters not already addressed in their Opposition to the Employers' Motion for a TRO, filed earlier today.

To the extent the Employers' seek confirmation and enforcement of the Coast Arbitrator's award of September 4, 2007, NC-06-2007, such relief was stipulated to by the parties and ordered by the Court on September 7, 2007. As a result, the Employers' motion must be denied as moot. To the extent the Employers seek any additional injunctive relief, the motion must be denied as a matter of law for the reasons outlined in the Unions' Opposition to the Employers' Motion for a TRO.

Further, to the extent the Employers seek enforcement of this stipulated order entered by the Court, the Employers' remedy is a contempt proceeding. The Employers offer no new facts and no change in circumstances from those alleged in its application for a temporary restraining order filed with this Court on Thursday, September 6, 2007, other than the claim that this Court's September 7 Order confirming and enforcing the Coast Arbitrator's September 4 Decision and Award was supposedly "flaunted" [sic] by Local 10 on Saturday, September 8. Such facts, if proven, could, at most, be grounds for contempt. *United Mine Workers v. Bagwell*, 512 U.S. 821, 827-829 (1994). The Employers' allegations regarding actions by

members of Local 10 occurring after September 7 may only be raised in the context of such a contempt proceeding, subject to the corresponding procedural requirements of such proceedings.

Dated: September 11, 2007                Respectfully submitted,

LEONARD CARDER, LLP

By: _____
Eleanor Morton

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TELEPHONE: (415) 771-6400     FAX (415) 771-7010