ROBERT S. REMAR (SBN 100124)
ELEANOR I. MORTON (SBN 220407)
LEONARD CARDER, LLP
1188 Franklin Street, Suite 201
San Francisco, California 94109
Telephone: 415-771-6400
Facsimile: 415-771-7010

Attorneys for Defendants
INTERNATIONAL LONGSHORE
AND WAREHOUSE UNION and
INTERNATIONAL LONGSHORE
AND WAREHOUSE UNION, LOCAL 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARITIME ASSOCIATION, a California corporation; APM TERMINALS PACIFIC, LTD., a California corporation.<br><br>Plaintiffs,<br><br>vs<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, an unincorporated labor organization; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 10, an unincorporated labor organization,<br><br>Defendants. | Case No. 07-04618 CRB<br><br>**DEFENDANTS ILWU AND LOCAL 10 ANSWER TO FIRST AMENDED COMPLAINT** |

///

Defendants International Longshore and Warehouse Union ("ILWU") and International Longshore and Warehouse Union Local 10 ("Local 10")(collectively referred to herein as "ILWU") hereby answer the First Amended Complaint filed by Plaintiffs' Pacific Maritime Association ("PMA") and APM Terminals Pacific, Ltd. ("APMT") (collectively, "Employers") as follows:

1. ILWU denies the allegations of Paragraph 1.

2. ILWU admits the allegations of Paragraph 2.

3. ILWU admits the allegations of Paragraph 3.

4. ILWU admits the allegations of Paragraph 4.

5. ILWU admits the allegations of Paragraph 5.

6. ILWU admits the allegations of Paragraph 6.

7. ILWU denies the allegations of Paragraph 7 on the basis that they assert legal conclusions as to which no response is required.

8. ILWU admits the allegations of Paragraph 8.

9. ILWU denies the allegations of Paragraph 9 on the basis that the contract in question speaks for itself.

10. ILWU denies the allegations of Paragraph 10 on the basis that the contract in question speaks for itself.

11. ILWU denies the allegations of Paragraph 11 on the basis that they assert legal conclusions as to which no response is required.

12. ILWU denies the allegations of Paragraph 12 on the ground that defendants lack sufficient knowledge and belief to respond adequately. However, ILWU admits that the allegations in paragraph 12 reflect plaintiffs' reasons for initiating the arbitrations that resulted in the arbitration awards mentioned in the First Amended Complaint.

13.  ILWU denies the allegations of Paragraph 13 on the ground that defendants lack sufficient knowledge and belief to respond adequately.

14.  ILWU admits that on or about August 20, 2007, Arbitrator Lane issued a written decision (NCAA-034-2007) and that said decision speaks for itself; ILWU denies all other allegations in paragraph 14.

15.  ILWU admits that on or about August 22, 2007, Arbitrator Lane issued a written decision (NCAA-036-2007) and that said decision speaks for itself; ILWU denies all other allegations in paragraph 15.

16.  ILWU admits the allegations of Paragraph 16.

17.  ILWU denies the allegations of Paragraphs 17.

18.  ILWU denies the allegations of Paragraphs 18.

19.  ILWU denies the allegations of Paragraphs 19.

20.  ILWU denies the allegations of Paragraph 20.

21.  ILWU denies the allegations of Paragraph 21.

22.  ILWU denies the allegations of Paragraph 22.

23.  ILWU denies allegations of Paragraph 23.

24.  ILWU admits the allegations of Paragraph 24.

25.  ILWU admits that local 10 longshore workers walked off the job at the Port of Oakland on or about parts of September 24 and September 25, 2007, in response to the fatality admitted in paragraph 24; ILWU denies all other allegations of Paragraph 25.

26.  ILWU admits that on or about September 25, 2007, Arbitrator Lane issued a written decision that speaks for itself; ILWU denies all other allegations in paragraph 26

27.  ILWU admits that on or about September 25, 2007, Coast Arbitrator Kagel issued a written decision that speaks for itself; ILWU denies all other allegations in paragraph 27.

28. ILWU denies the allegations of Paragraph 28.

29. ILWU denies the allegations of Paragraph 29.

30. ILWU denies the allegations of Paragraph 30.

31. ILWU denies the allegations of Paragraph 31.

32. ILWU denies the allegations of Paragraph 32.

33. ILWU denies the allegations of Paragraph 33.

## ANSWER TO PRAYER FOR RELIEF

Defendants ILWU admit and have already consented to an order confirming and enforcing Coast arbitration award C-06-2007, which order was entered, upon stipulation, by the Court on September 7, 2007 and thereafter amended, upon stipulation, by the Court on September 11, 2007. Defendants deny the appropriateness of all other relief requested in the First Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendants also assert the following affirmative defenses:

### Failure to State Cause of Action

1. The Amended Complaint and each cause of action fails to state facts sufficient to constitute a cause of action.

### Failure to Exhaust Contractual & Administrative Remedies

2. Plaintiffs' claims are barred in whole or in part because they failed to exhaust available contractual and/or administrative remedies.

### Justification and/or Privilege

3. Plaintiff's claims are barred in whole or in part because Defendants' acts and omissions were justified and/or privileged.

### Actions of Third Parties/
### Equitable Indemnity/Proportional Fault

4. Plaintiffs' alleged injuries are the result, in whole or in part, of the

acts or omissions of entities or individuals other than Defendants, including Plaintiffs, and Defendants' liability, if any, must be reduced by any percentage of fault attributable to those other entities and/or individuals.

### Limited Jurisdiction

5. This court has jurisdiction narrowly limited to issuance of an order <u>only</u> to enforce the coast arbitrator's awards, in question herein, as written.

### Full Relief and Mootness

6. The stipulated amended order, entered by the Court on September 11, 2007, and Defendants' consent, herein and by further stipulation, to confirm and enforce the Coast Arbitration Award of September 25, 2007, provides plaintiffs with the full relief to which they are entitled under the law, which thereby renders their claims resolved and moot.

### Federal Labor Law Preclusion

7. Plaintiffs' claims are precluded in whole or in part by the Norris-LaGuardia Act, 29 U.S.C. § 101 *et seq.*, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

### No *Boys Markets* Injunction

8. No *Boys Markets* injunction is permissible because the reason, alleged by plaintiffs, for the work slowdown is not arbitrable by the parties before this court.

### Improper Circumvention of Contract

9. The injunctive relief requested would improperly circumvent the requirement that the parties exhaust contractual remedies before seeking the intervention of the court.

### Insufficient Evidence of Future Acts

10. No injunction may be awarded because there is insufficient, convincing evidence that the defendants will facilitate a future work slowdown in similar circumstances.

### No Irreparable Harm and Failure to Mitigate

11.  The plaintiffs cannot show that they will suffer an irreparable injury because they have refused to take steps available under the PCLCA to prevent the harm they complain of here.

### Damages Unavailable

12.  Plaintiffs fail to set forth facts sufficient to state a claim for damages under federal labor law. Damages are also unavailable because plaintiffs have, under the terms of the Pacific Coast Longshore & Clerks Agreement (PCLCA), contractually waived their right to recover damages for alleged violations of section 11 of the PCLCA or alleged violations of arbitration awards, as previously held by the Ninth Circuit against plaintiffs, which rulings have res judicata and/or collateral estoppel effect on plainttiffs, barring recovery of damages in this and similar matters.

### Adequate Legal Remedy

13.  Plaintiffs' claims for injunctive relief are barred because Plaintiffs have an adequate remedy of enforcement of the Coast Arbitration awards mentioned in the Amended Complaint.

### Additional Affirmative Defenses

14.  Defendants are informed and believe that they may have additional affirmative defenses available. Defendants reserve the right to assert additional affirmative defenses after facts supporting those defenses are obtained.

WHEREFORE, Defendants pray that:

1.  The First Amended Complaint be dismissed in its entirety with prejudice;

2.  Plaintiffs take nothing in this action;

3.  Defendants receive judgment in their favor and against Plaintiffs;

4. Defendants recover their costs of suit and reasonable attorney fees incurred herein; and

5. The Court grant Defendants such other and further relief as it deems proper.

Dated: October 12, 2007

LEONARD, CARDER, LLP

By _____
Robert Remar
Attorneys for Defendants
INTERNATIONAL
LONGSHORE AND
WAREHOUSE UNION AND
LOCAL 10, ILWU

I am employed in the County of San Francisco, State of California. I am over the age of 18 years old and not a party to the within action; my business address is 1188 Franklin Street, Suite 201, San Francisco, CA, 94109.

On October 12, 2007, I served a true and accurate copy of the foregoing documents:

1. DEFENDANTS ILWU AND LOCAL 10 ANSWER TO FIRST AMENDED COMPLAINT

on all interested parties in this action as follows:

BRENDON DOLAN, ESQ.
MORGAN LEWIS & BROCKIUS
ONE MARKET STREET
SAN FRANCISCO, CA 94105
Fax: 415-442-1001
E-mail: bdolan@morganlewis.com

CLIFFORD D. SETHNESS, ESQ.
MORGAN LEWIS & BROCKIUS
300 S. GRAND AVENUE, 22ND FLOOR
LOS ANGELES, CA 90071
Fax: 213-612-2554
E-mails: csethness@morganlewis.com

__X__  BY MAIL: Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

_____  BY MESSENGER SERVICE: I caused our Messenger Service, Speedway, to deliver said envelope to the business offices at the above-listed address(es).

_____  BY FACSIMILE: from (415) 771-7010 to the person(s) at the fax numbers listed above. No error was reported by the fax machine that I used and I caused the machine to print a report of the transmission.

_____  BY E-MAIL OR ELECTRONIC TRANSMISSION: I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 12, 2007 at San Francisco, California.


Angela Ahn

PROOF OF SERVICE