1  BRENDAN DOLAN (SBN 126732)
   *bdolan@morganlewis.com*
2  MORGAN, LEWIS & BOCKIUS LLP
   One Market Street
3  San Francisco, CA  94105
   Tel:  415.442.1000
4  Fax:  415.442.1001

5  CLIFFORD D. SETHNESS (SBN 212975)
   *csethness@morganlewis.com*
6  JASON M. STEELE (SBN 223189)
   *jsteele@morganlewis.com*
7  MORGAN, LEWIS & BOCKIUS LLP
   300 South Grand Avenue
8  Twenty-Second Floor
   Los Angeles, CA  90071-3132
9  Tel:  213.612.2500
   Fax:  213.612.2501
10

11 *Attorneys for Plaintiffs*
   APM TERMINALS PACIFIC, LTD. and
   PACIFIC MARITIME ASSOCIATION
12

13 ROBERT S. REMAR (SBN 100124)
   *rremar@leonardcarder.com*
   ELEANOR MORTON (SBN 220407)
14 *emorton@leonardcarder.com*
   LEONARD CARDER LLP
15 1188 Franklin Street, Suite 201
   San Francisco, CA  94109
16 Telephone: 415.771.6400
   Fax: 415.771.7010
17

18 *Attorneys for Defendants*
   INTERNATIONAL LONGSHORE AND
   WAREHOUSE UNION and ILWU LOCAL 10
19

20              UNITED STATES DISTRICT COURT

21             NORTHERN DISTRICT OF CALIFORNIA

22

23 PACIFIC MARITIME ASSOCIATION, et   | Case No. C-07-04618 CRB
   al.,
                                       | Hon. Charles R. Breyer
24              Plaintiffs,
                                       | **JOINT CASE MANAGEMENT
25        vs.                          | STATEMENT AND RULE 26(f) REPORT**

26 INTERNATIONAL LONGSHORE AND
   WAREHOUSE UNION, et al.,
27
                Defendants.
28

1-LA/969073.1                    CASE MANAGEMENT STATEMENT – C-07-04618 CRB

The parties submit the following Case Management Statement and Rule 26(f) Report, pursuant to Rule 26 of the Federal Rules of Civil Procedure, Local Civil Rule 16, and the Court's Standing Orders.

1.    Jurisdiction and Service.  The Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  All parties have been served.

2.    Facts.  This is an action to confirm and enforce arbitration awards issued pursuant to a collective bargaining agreement between the parties.

3.    Legal Issues.  The legal issues in this case are: (1) whether the Court should confirm and enforce the arbitration awards issued pursuant to the collective bargaining agreement; (2) whether the Defendants breached the collective bargaining agreement; (3) if so, whether Plaintiffs are entitled to other relief; and (4) whether Plaintiffs are entitled to attorney's fees, and if so, in what amount.

4.    Motions.  Absent a stipulation on the issues referenced above, the parties expect to move for summary judgment.

5.    Amendment of Pleadings.  The parties do not anticipate any amendments.

6.    Evidence Preservation.  The parties have taken reasonable efforts to preserve all relevant evidence.

7.    Disclosures.  The parties agree that there is no need for initial disclosures in this case, as the factual and legal issues are very straightforward and all parties possess all relevant documents.

8.    Discovery.  This is an action to confirm arbitration awards pursuant to a collective bargaining agreement.  The parties do not anticipate the need to take additional discovery, unless the motions for summary judgment are denied and damages are available as a remedy.

9.    Class Actions.  This is not a class action.

10.    Related Cases.  There are no related cases.

11.    Relief.  Plaintiffs seek an order and judgment confirming the arbitration awards at issue and granting other appropriate relief.

12.    Settlement and ADR.  The parties have discussed stipulating to confirm the arbitration awards, but have not yet reached an agreement.  Under the circumstances, the parties agree that formal ADR would not be productive.

13.    Consent to Magistrate Judge For All Purposes.  The parties do not consent to have a magistrate judge conduct al proceedings in this matter.

14.    Other References.  This case is not suitable for a reference.

15.    Narrowing of Issues.  At this time, the parties are not able to further narrow the issues in dispute.

16.    Expedited Schedule.  The parties agree that this case can be handled on an expedited basis with streamlined procedures.

17.    Scheduling.  This case can be resolved on a motion for summary judgment.  There is no need to set pre-trial and trial dates.

18.    Trial.  The parties do not anticipate a trial in this matter, but if a trial is necessary, it will be to the Court.

19.    Disclosure of Non-party Interested Entities or Persons.  PMA filed a Certificate of Interested Entities or Persons, which listed the following interested entities or persons: Pacific Maritime Association; International Longshore and Warehouse Union; and International Longshore and Warehouse Union, Local 10.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

1      20.    <u>Other Matters</u>.  There are no other matters that must be considered by the Court at

2    this time.

3

4    Dated:  December 7, 2007                    MORGAN, LEWIS & BOCKIUS LLP

5

6                                               By _____/s/_____
                                                  Clifford D. Sethness
7                                                 Attorneys for Plaintiff
                                                  PACIFIC MARITIME ASSOCIATION
8

9    Dated:  December 7, 2007                    LEONARD CARDER LLP

10

11                                              By _____/s/_____
                                                  Eleanor Morton
12                                                Attorneys for Defendants
                                                  INTERNATIONAL LONGSHORE AND
13                                                WAREHOUSE UNION, ILWU LOCAL 10

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

I, Jason M. Steele, declare:

3

4

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA  90071-3132.  On December 10, 2007, I served the within documents:

5

### JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

6

7

☒    by transmitting via electronic mail the document(s) listed above to the electronic mail address(es) set forth below on this date before 5:00 p.m.

8

9

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

10

11

☐    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for overnight delivery.

12

13

☐    by causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth below.

14

15

16

Eleanor Morton
1188 Franklin Street, Suite 201
San Francisco, CA  94109
Telephone: 415.771.6400
Fax: 415.771.7010
*emorton@leonardcarder.com*

17

18

19

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20

21

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

Executed on December 10, 2007, at Los Angeles, California.

23

24

/ s /

_____

25

Jason M. Steele

26

27

28